UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Tommy L. Harris, Jr.**, # 160366, Plaintiff, vs. **James Davis**, Judge of the Laurens Municipal Court; **NFN Lynch**, Lieutenant; **NFN Nelson**, Sergeant; and **W. L. Bentley**, Defendants. | **C/A No. 3:05-0666-25BC** **Report and Recommendation** |

# ***Background of this Case***

The plaintiff is an inmate at the Kirkland Correctional Institution of the South Carolina Department of Corrections. The "STATEMENT OF CLAIM" portion of the § 1983 complaint reveals that this civil rights action arises out of the plaintiff's most recent criminal case.

Information on the South Carolina Inmate Database available on the LEXIS® service reveals that the plaintiff was convicted, in the Court of General Sessions for Laurens County, of second-degree burglary (non-violent), and was sentenced to five (5) years in prison:

*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***
SOUTH CAROLINA DEPARTMENT OF CORRECTIONS
SOUTH CAROLINA INMATES

Name: HARRIS JR., TOMMY LEE

* * *

***** SENTENCE INFORMATION *****

Inmate Number: 00160366
County of Conviction: LAURENS
Location: KIRKLAND CORR INST
Offense: BURGLARY-2ND DEG/NON-VIOL
Sentence Length: 15 YEARS
Sentence Total: 5 YEARS
Sentence Begin Date: 5/4/2004
Parole Date: 8/11/2006

(South Carolina Inmate Database on the LEXIS® service, downloaded on March 3, 2005). The LEXIS® service's South Carolina Inmate Database also reveals that the plaintiff has served two prior sentences in the South Carolina Department of Corrections: March 17, 1994, to February 8, 1995 (for a check fraud conviction entered in Greenwood County); and November 13, 1995, to January 14, 1997 (for a forgery conviction entered in Laurens County). He was paroled on both of those earlier offenses.

In the "STATEMENT OF CLAIM" portion of the complaint, the plaintiff challenges the testimony given by Lieutenant Lynch and Sergeant Nelson. The plaintiff indicates that he pled guilty to avoid a fifteen-year sentence. Part V of the § 1983 complaint is left

blank.

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act. The review has also been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[1] *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v.

[1] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal district court is evaluating a *pro se* complaint, petition, or pleading, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Since the plaintiff is complaining about his criminal case, the complaint is subject to summary dismissal because a right of action has not yet accrued. *See* Heck v. Humphrey, 512 U.S. 477, 129 L.Ed.2d 383, 114 S.Ct. 2364, 1994 U.S. LEXIS® 4824 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized

> to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, supra, 512 U.S. at 486-487 (footnote omitted). *See also* Woods v. Candela, 47 F.3d 545, 1995 U.S.App. LEXIS® 2495 (2nd Cir.)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, Candela v. Woods, 516 U.S. 808, 133 L.Ed.2d 18, 115 S.Ct. 54, 1995 U.S. LEXIS® 5329 (1995); Treece v. Village of Naperville, 903 F. Supp. 1251 (N.D.Ill. 1995); Seaton v. Kato, 1995 U.S. Dist. LEXIS® 2380, *12-*13, 1995 WESTLAW® 88956 (N.D.Ill., February 28, 1995); and Smith v. Holtz, 879 F. Supp. 435, 1995 U.S.Dist. LEXIS® 3721 (M.D.Pa. 1995), *affirmed*, 87 F.3d 108, 1996 U.S.App. LEXIS® 15388 (3rd Cir.), *cert. denied*, Wambaugh v. Smith, 519 U.S. 1041, 136 L.Ed.2d 536, 117 S.Ct. 611, 1996 U.S. LEXIS® 7706 (1996).

Until the plaintiff's conviction or sentence is set aside, any civil rights action based on the conviction, sentence, and related matters will be barred because of the holding in Heck v. Humphrey, supra. Even so, the limitations period will not begin to run until the cause of action accrues. *See* Benson v. New Jersey State Parole Board, 947 F. Supp. 827,

830 & n. 3, 1996 U.S.Dist. LEXIS® 18335 (D.N.J. 1996)(following Heck v. Humphrey: "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); and Snyder v. City of Alexandria, 870 F. Supp. 672, 685-688, 1994 U.S.Dist. LEXIS® 17230 (E.D.Va. 1994).

With respect to his conviction and sentence, the plaintiff's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. § 2254 or 28 U.S.C. § 2254, which remedies can be sought only after the plaintiff has exhausted his state court remedies. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." Beard v. Green, 523 U.S. 371, 375, 1998 U.S. LEXIS® 2465 (1998)(citing Wainwright v. Sykes, 433 U.S. 72 (1977)). *See also* 28 U.S.C. § 2254(b); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973); Picard v. Connor, 404 U.S. 270 (1971); and Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)(exhaustion required under § 2241).

This Court's exhaustion requirements under § 2254 are fully set forth in Matthews v. Evatt, 105 F.3d 907, 1997 U.S.App. LEXIS® 1319 (4th Cir.), *cert. denied,* Matthews v. Moore, 522 U.S. 833, 1997 U.S. LEXIS® 4939 (1997):

> In the interest of giving state courts the first opportunity to consider

> alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts. . . .
>
> To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly enforced[.]

Matthews v. Evatt, 105 F.3d at 910-911 (citations omitted from quotation).

It is not clear from the complaint whether a direct appeal was filed in the plaintiff's criminal case. It is well settled that a direct appeal is a viable state court remedy. Castille v. Peoples, 489 U.S. 346, 349-352 (1989). Although the time for the plaintiff to file a direct appeal in his criminal case has probably expired (or if his direct appeal was not successful), he can, nonetheless, file an application for post-conviction relief. *See* § 17-27-10, *et seq.*, South Carolina Code of Laws. Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and Knight v. State, 284 S.C. 138, 325 S.E.2d 535 (1985). The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at § 17-27-10 *et seq.*, South

Carolina Code of Laws, is also a viable state-court remedy. *See* Miller v. Harvey, 566 F.2d 879, 880-881 (4th Cir. 1977), *cert. denied*, 439 U.S. 838 (1978); and Patterson v. Leeke, 556 F.2d 1168, 1170-1173 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977).

In order to exhaust his or her claims in state court, a South Carolina petitioner must file an application for relief under the South Carolina Uniform Post Conviction Procedure Act, supra. The applicant may allege constitutional violations in a post-conviction proceeding but only if the issue could not have been raised by direct appeal. Gibson v. State, 329 S.C. 37, 41, 495 S.E.2d 426, 428, 1998 S.C. LEXIS® 6 (1998)(citing § 17-27-20(a)(1), (b), and Simmons v. State, 264 S.C. 417, 215 S.E.2d 883 (1975)). "Exhaustion includes filing of an application, the rendering of an order adjudicating the issues, and petitioning for, or knowingly waiving, appellate review." Gibson v. State, supra, 329 S.C. at 42, 495 S.E.2d at 428. The Supreme Court of South Carolina has specifically stated: "[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies." In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 321 S.C. 563, 564, 471 S.E.2d 454 (1990). *See also* State v. McKennedy, 348 S.C. 270, 559 S.E.2d 850, 2002 S.C. LEXIS® 26 (2002).

Applications for post-conviction relief are to be filed in the Court of Common Pleas for the county in which a South Carolina prisoner was convicted in a Court of General

Sessions. The plaintiff can obtain post-conviction forms from the Clerk of Court for Laurens County.[2]

Although the plaintiff indicates that Judge James Davis is a judge for the Laurens Municipal Court, the current edition of the South Carolina Bar's 2004-2005 Lawyers Desk Book indicates that Judge Davis is Chief Judge of the Magistrate Court for Laurens County. In any event, it is clear that Judge Davis is a judicial officer in South Carolina's unified judicial system. The Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, magistrate's courts, and municipal courts are in a unified judicial system. *See* Article V, Section 1 of the Constitution of the State of South Carolina ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); City of Pickens v. Schmitz, 297 S.C. 253, 376 S.E.2d 271, 272, 1989 S.C. LEXIS® 5 (1989); Cort Industries Corp. v. Swirl, Inc., 264 S.C. 142, 213 S.E.2d 445, 446 (1975); and State ex rel. McLeod v. Civil and Criminal Court of

[2]The plaintiff should be mindful that the General Assembly has enacted limitations periods for post-conviction cases. *See* 1995 S.C. Acts 7, which has been codified at Section 17-27-45, South Carolina Code of Laws. *See also* Sutton v. State, 361 S.C. 644, 606 S.E.2d 779, 2004 S.C. LEXIS® 285 (2004); and Peloquin v. State, 321 S.C. 468, 469-470, 409 S.E.2d 606, 607, 1996 S.C. LEXIS® 57 (1996). *Cf.* Cooper v. State, 338 S.C. 202, 525 S.E.2d 886, 2000 S.C. LEXIS® 39 (2000); and Jernigan v. State, 340 S.C. 256, 531 S.E.2d 507, 2000 S.C. LEXIS® 95 (2000).

Horry County, 265 S.C. 114, 217 S.E.2d 23, 24 (1975).[3] The entity known as the South Carolina Court Administration operates the State of South Carolina's unified judicial system pursuant to the authority delegated by the Supreme Court of South Carolina. *See* Article V, Section 4 of the Constitution of the State of South Carolina; and Bailey v. State, 309 S.C. 455, 424 S.E.2d 503, 1992 S.C. LEXIS® 239 (1992).

County magistrates and municipal court judges are judges in the State of South Carolina's unified judicial system. *See* In the Matter of Singleton, 361 S.C. 364, 605 S.E.2d 518, 2004 S.C. LEXIS® 264 (2004)(removing magistrate from office); In the Matter of Wilder, 335 S.C. 339, 516 S.E.2d 927, 1999 S.C. LEXIS® 96 (1999)(imposing public reprimand upon former Municipal Court Judge and precluding him from seeking "future appointment to any judicial office within the unified judicial system of South Carolina unless authorized by this Court"); In the Matter of Lee, 313 S.C. 142, 437 S.E.2d 85, 1993 S.C. LEXIS® 198 (1993); In the Matter of Carmichael, 313 S.C. 96, 437 S.E.2d 63, 1993 S.C. LEXIS® 190 (1993); In the Matter of Ulmer, 315 S.C. 188, 432 S.E.2d 481, 1993 S.C. LEXIS® 126 (1993); and In the Matter of Wyatt, 295 S.C. 34, 367 S.E.2d 22, 23, 1988 S.C. LEXIS® 36 (1988).

---

[3]County courts in the State of South Carolina no longer exist. Section 22 of Article V of the Constitution of the State of South Carolina (1973) allowed "any existing court" on the date of ratification to continue operating until Article V was fully implemented. State ex rel. McLeod v. Civil and Criminal Court of Horry County, 217 S.E.2d at 24 ("The Horry County Court is one of the courts continued in existence solely by virtue of the provisions of Section 22 of Article V.").

Judge Davis is entitled to summary dismissal because of judicial immunity. *See* Mireles v. Waco, 502 U.S. 9, 116 L.Ed.2d 9, 112 S.Ct. 286, 288, 1991 U.S. LEXIS® 6225 (1991); Stump v. Sparkman, 435 U.S. 349, 351-364 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); and Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also* Siegert v. Gilley, 500 U.S. 226, 114 L.Ed.2d 277, 287, 111 S.Ct. 1789, 1991 U.S. LEXIS® 2909 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); and Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"). *Accord* Bolin v. Story, 225 F.3d 1234, 2000 U.S.App. LEXIS® 22501 (11th Cir. 2000)(discussing judicial immunity of United States District Judges and United States Circuit Judges).

As noted earlier in this Report and Recommendation, Part V of the complaint (the place for seeking relief) is left blank. When a plaintiff has failed to ask for relief, a federal district court "is faced with the prospect of rendering an advisory opinion; federal courts may not render advisory opinions, however." Humphreys v. Renner, 1996 WESTLAW® 88804 [no LEXIS® citation available] (N.D.Cal., February 26, 1996), *following* FCC v. Pacifica Foundation, 438 U.S. 726, 735 (1978)("[F]ederal courts have never been

empowered to issue advisory opinions."). *See also* Herb v. Pitcairn, 324 U.S. 117, 126 (1945)("We are not permitted to render an advisory opinion[.]"), *superannuated on unrelated grounds by* Michigan v. Long, 463 U.S. 1032 (1983).

# *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. Since Judge Davis is immune from suit, this case is encompassed by 28 U.S.C. § 1915A(b)(2). Hence, I also recommend that the above-captioned case be deemed a “strike” for purposes of the “three strikes” rule of 28 U.S.C. § 1915(g). The plaintiff’s attention is directed to the Notice on the next page.

Respectfully submitted,

March 8, 2005
Columbia, South Carolina

s/Joseph R. McCrorey
United States Magistrate Judge

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
**The *Serious Consequences* of a Failure to Do So**

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**